

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/07/2009

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRISTIAN ROLANDO | § | Case No. 08-38201-H4-13 |
| HERNANDEZ, | § | Chapter 13 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| CHRISTIAN ROLANDO | § | |
| HERNANDEZ, | § | |
| | § | Adv. Proceeding. No. 09-03280 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ARGENT SECURITIES, INC., | § | |
| ARGENT MORTGAGE COMPANY, | § | |
| LLC, AMERIQUEST MORTGAGE | § | |
| COMPANY, DEUTSCHE BANK | § | |
| NATIONAL TRUST COMPANY, | § | |
| ARGENT SECURITIES INC., ASSET- | § | |
| BACKED PASS THROUGH | § | |
| CERTIFICATES SERIES 2005-W3, | § | |
| AMERICAN HOME MORTGAGE | § | |
| SERVICING, INC., AND CITI | § | |
| RESIDENTIAL LENDING, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION ON DEFENDANTS AMERICAN HOME MORTGAGE
SERVICING, INC.'S AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S
MOTION TO DISMISS COMPLAINT AND JURY DEMAND**
[Adversary Docket No. 34]

## I. INTRODUCTION

The dispute in this adversary proceeding revolves around an adjustable-rate home mortgage

loan (the ARM) entered into on or about August 17, 2005 by the Plaintiff, Christian Rolando

Hernandez, who is the debtor in the above-referenced Chapter 13 case (the Debtor). The Debtor

alleges that: (a) the entity that filed a proof of claim based on the ARM lacks standing to file this proof of claim; (b) any post-petition attempt to transfer or assign an interest in the deed of trust relating to the mortgage loan was void under 11 U.S.C. § 549, or alternatively, a violation of the automatic stay under 11 U.S.C. §§ 362(a)(4) & (5); (c) the proof of claim is false and fraudulent, and therefore the Debtor is entitled to recover his attorney's fees and costs, plus sanctions, for prosecuting this lawsuit; and (d) the Debtor was fraudulently induced entering into the ARM.

The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact is construed as a conclusion of law, it is adopted as such. Moreover, to the extent that any conclusion of law is construed as a finding of fact, it is adopted as such. The Court reserves its right to make additional findings of fact and conclusions of law as it deems appropriate or as may be requested by any of the parties.

## II. FACTUAL AND PROCEDURAL BACKGROUND OF THE ADVERSARY PROCEEDING

1.  On December 30, 2008, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, commencing case number 08-38201 (the Main Case). [Case No. 08-38201, Docket No. 1.]

2.  On April 29, 2009, American Home Mortgage Servicing, Inc. (AHMSI) filed a proof of claim, the first page of which reflects that AHMSI holds a secured claim secured by certain real estate (the Proof of Claim). The amount listed on the Proof of Claim is $164,079.71. The full name of the creditor shown on the Proof of Claim form is AHMSI. Attached to the Proof of Claim, however, is an untitled, one-page document containing one paragraph representing that the name of the creditor is not AHMSI, but rather is American Home

2

Mortgage Servicing, Inc., as servicing agent for Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Argent Securities Trust 2005-W3, Asset-File Number 7415-N-4043 / poc. [Case No. 08-38201, Proof of Claim No. 4.][1]

3.      Also attached to the Proof of Claim is a copy of an adjustable rate note securing property located at 6219 Newbury Drive, Katy, TX 79449, dated August 17, 2005 (the Note). The lender listed on the Note is Argent Mortgage Company, LLC (Argent Mortgage), not AHMSI. The Note requires the Debtor to pay to Argent Mortgage the principal of $139,500.00, plus interest. There is no documentation attached to the Proof of Claim evidencing that the Note has ever been endorsed over or assigned to AHMSI, or to any other third-party. [Case No. 08-38201, Proof of Claim No. 4.]

4.      Also attached to the Proof of Claim is a copy of a deed of trust, dated August 17, 2005 (the Deed of Trust). The lender listed on the Deed of Trust is Argent Mortgage, not AHMSI. The Deed of Trust states that "[t]he Security Instrument [i.e., the Deed of Trust] secures to Lender: (i) the repayment of the [Note], and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note." Moreover, the Deed of Trust states that "[t]he [Deed of Trust] shall be governed by federal law and the law of the jurisdiction in which the Property is located." [Case No. 08-38201, Proof of Claim No. 4.]

5.      Also attached to the Proof of Claim is an Assignment of Deed of Trust/Transfer of Lien (the Assignment). According to the Assignment, which was executed on April 2, 2009, Argent

---

[1]   Hereinafter, Deutsche Bank National Trust Company will be referred to as "DB Trust." Moreover, the Certificateholders for Argent Securities Trust 2005-W3, Asset-Backed Pass Through Certificate Series 2005-W3, Asset-File Number 7415-N-4043 / poc will be referred to as "the Certificateholders."

Mortgage assigned the Deed of Trust to AHMSI effective on February 11, 2009. The Assignment reflects that AHMSI has become the holder and owner of the Deed of Trust, but there is no language in the Assignment reflecting that Argent Mortgage assigned the Note to AHMSI. Moreover, the Assignment in no way indicates that AHMSI is acting as a servicing agent for DB Trust, as the trustee for the Certificateholders. Indeed, the Proof of Claim contains no documentation evidencing that (a) AHMSI became a servicing agent for DB Trust; (b) DB Trust in any way is the holder and owner of the Note or the Deed of Trust; or (c) DB Trust is a trustee in trust for the benefit of the Certificateholders. [Case No. 08-38201, Proof of Claim No. 4.]

6.    On July 17, 2009, the Debtor filed a complaint (the Complaint) initiating an adversary proceeding styled as follows: *Christian Rolando Hernandez v. Argent Securities, Inc., Argent Mortgage Company, LLC, Ameriquest Mortgage Company, Deutsche Bank National Trust Company, Argent Securities Inc., Asset-Backed Pass-Through Certificates Series 2005-W3, and Citi Residential Lending, Inc.*, Adversary No. 09-03280 (the Adversary Proceeding). [Adv. Docket No. 1.] In the Complaint, the Debtor sets forth the following four causes of action: (1) that AHMSI and DB Trust lack standing to file the Proof of Claim;[2] (2) that the postpetition assignment of the Deed of Trust is an improper postpetition transfer of property of the estate, or alternatively, a violation of the automatic stay; (3) that the Debtor is entitled to recover sanctions and attorney's fees because there was a false and fraudulent filing of the

---

[2]    In the Complaint, the Debtor references only DB Trust as having lack of standing. However, because the Proof of Claim is signed by AHMSI, and because AHMSI represents (on the first page attached to the Proof of Claim) that it is the servicing agent for DB Trust, the Debtor is necessarily contending that not only DB Trust, but also AHMSI, lacks standing to file the Proof of Claim.

Proof of Claim; and (4) that the Debtor was fraudulently induced into entering the ARM. Further, in the Complaint, the Debtor requests the following relief: (1) a declaratory judgment determining the secured status of the defendants in the Adversary Proceeding pursuant to 11 U.S.C. §§ 105(a), 502(b)(1), 506, and 544(a), as well as Bankruptcy Rule of Procedure 3007; (2) actual damages, punitive damages, and sanctions pursuant to 11 U.S.C. §§ 105(a), 362(a), & 501, and Bankruptcy Rule 3001(c) & (d); and (3) actual and punitive damages based upon fraudulent inducement under state law in relation to the ARM made to the Debtor.[3]   [Adv. Docket No. 1.]

7.      On August 19, 2009, AHMSI and DB Trust filed Defendants American Home Mortgage Servicing, Inc.'s and Deutsche Bank National Trust Company's Motion to Dismiss Complaint and Jury Demand (the Motion to Dismiss). [Adv. Docket No. 34.]

8.      On August 24, 2009, AHMSI and DB Trust filed Defendants American Home Mortgage Servicing, Inc.'s and Deutsche Bank National Trust Company's Motion to Withdraw the Reference (the Motion to Withdraw Reference). [Adv. Docket No. 36.]

9.      On September 8, 2009, the Debtor filed Plaintiff's Response in Opposition to Motion to Dismiss Filed by Defendants American Home Mortgage Servicing, Inc. and Deutsche Bank National Trust Company (the Response). [Adv. Docket No. 43.]

10.     On September 14, 2009, the Debtor filed Plaintiff's Response in Opposition to Defendants' Motion to Withdraw Reference. [Adv. Docket No. 44.]

---

[3] Specifically, the Complaint alleges that the Debtor and his wife were fraudulently induced into the ARM because their mortgage broker told them that they did not qualify for a fixed rate loan because they needed—and did not have—a perfect credit rating. [Adv. Docket No. 1, ¶ 74.]

### III. CONCLUSIONS OF LAW

**A.      Jurisdiction and Venue**

The Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This particular dispute is a core proceeding pursuant to any of the following provisions under 28 U.S.C. § 157(b):

- § 157(b)(2)(A) because the resolution of the Adversary Proceeding concerns the administration of the Debtor's Chapter 13 estate;[4]

- § 157(b)(2)(B) because the Adversary Proceeding deals with allowance or disallowance of a claim against the Debtor's estate—specifically, the claim for $164,079.71 set forth in the Proof of Claim; [Finding of Fact No. 2];

- § 157(b)(2)(C) because the Debtor's Complaint consists of counterclaims against a party filing a Proof of Claim against the estate;

- § 157(b)(2)(O) because the Adversary Proceeding is a proceeding that affects the adjustment of the debtor/creditor relationship; or

- the general "catch-all" language of 28 U.S.C. § 157(b)(2).[5]

---

[4] Unlike a typical Chapter 11 case—where, once a plan is confirmed, the estate ceases to exist—in a typical Chapter 13 case, once a plan is confirmed, the estate remains in existence until the debtor has made all of his plan payments and receives his discharge. *See, e.g., Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 379 B.R. 643, 657 (Bankr. S.D. Tex. 2007). Here, in the Main Case, an order confirming the Debtor's plan was docketed on March 20, 2009. [Docket No. 32.] The Debtor's plan specifically states that "[p]roperty of the estate shall vest in the debtors upon entry of the discharge order." [Case No. 08-38201Docket No. 2.] This language means that the Debtor's estate still exists because the property of the estate has not yet vested in the Debtor and will not until the Debtor has made all of his payments under his confirmed plan—which will be in December of 2013. [Docket No. 2.] And, because the Debtor's estate is still in existence, the estate may be affected by the resolution of the Adversary Proceeding.

[5] *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *De Montaigu v. Ginther (In re Ginther Trusts)* Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that an "[a]dversary [p]roceeding is a core proceeding under 28 U.S.C. § 157(b)(2) even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular

Venue is proper pursuant to 28 U.S.C. § 1409.

**B.      Contrary to the Motion to Dismiss, the Debtor has standing.**

Contrary to AHMSI and DB Trust's assertions in the Motion to Dismiss, the Debtor has

standing to object to the Proof of Claim because 11 U.S.C. § 502(a) states that "[a] claim or interest,

proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest,

including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of

this title, objects." 11 U.S.C. § 502(a).  The Debtor is a party-in-interest in this Chapter 13 case.[6]

Accordingly, the Debtor has standing to object to the Proof of Claim.  Moreover, a Chapter 13 debtor

has standing to pursue a cause of action that would benefit the estate.  *Wilborn v. Wells Fargo Bank,*

*N.A. (In re Wilborn)*, 401 B.R. 872, 885 n.8 (Bankr. S.D. Tex. 2009) (quoting *Olick v. Parker &*

*Parsley Petroleum Co.*,145 F.3d 513, 515–16 (2d Cir. 1998) (per curium)).  "[A] Chapter 13 debtor

has standing to bring lawsuits that 'affect[] the terms of the debtor's discharge in bankruptcy.'"

*Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn)*, 404 B.R. 841, 856 n.12 (Bankr. S.D. Tex. 2009)

(quoting *Martin v. O'Connor (In re Martin)*, 201 B.R. 338, 343–44 (Bankr. N.D.N.Y.)).

Here, the Debtor's Adversary Proceeding challenges the validity of the Proof of Claim.  In

order to collect on a note "the holder or payee need only establish that (1) there is a note; (2) he is

the legal owner and holder of the note; (3) the defendant is the maker of the note; and (4) a certain

balance is due and owing on the note."  *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex.

---

circumstance").  Here, the Debtor has pleaded, among other causes of action, that the Proof of Claim, which is based on the existence of the Note, has been falsely filed.  Such a dispute, by its nature, can arise only in the context of a bankruptcy case.

[6] *In re Simmons*, 765 F.2d 547, 551 n.3 (5th Cir. 1985).  For a discussion on who is considered a "party in interest" within the definition of § 502(a) for the purpose of objecting to a proof of claim in a Chapter 13 case, see 9 Collier on Bankruptcy, para. 1300.71[1] ("Of course, the debtor and the chapter 13 trustee are parties in interest entitled to an interpose objection to a proof of claim.").

App.—Houston [14th Dist.] 1994, no writ); *Suttles v. Thomas Bearden Co.*, 152 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The Proof of Claim contains no documentation whatsoever evidencing that AHMSI or DB Trust is the legal owner and holder of the Note. [Finding of Fact No. 5.] Indeed, the Note lists neither AHMSI nor DB Trust as the lender; rather, the Note lists shows Argent Mortgage as the lender. [Finding of Fact No. 3.] Accordingly, the Debtor has standing to challenge the contention that anyone other than Argent Mortgage holds the Note and, therefore, has standing to object to the Proof of Claim—which was signed by AHMSI, not Argent Mortgage, and is unquestionably based upon an obligation created by the Note.[7] *See Litto Loan Servicing, L.L.P. v. Eads (In re Eads)*, Adv. No. 07-4165, 2009 WL 3047888, at *15 (Bankr. E.D. Tex. Sept. 18, 2009) (finding Bankruptcy Rule 3001 satisfied when the creditor was able to prove it was assigned both the note and the deed of trust); *Faulkner v. Mikron Indus. (In re Heritage Org., L.L.C.)*, 354 B.R. 407, 427 (Bankr N.D. Tex. 2006).

## C.    The Rule 12(b)(6) Standard

Rule 12(b)(6) allows for dismissal when a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[8] When a court considers a Rule 12(b)(6) motion to dismiss, it "generally may rely on the complaint and its proper attachments." *Fin. Acquisition Partners v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Additionally, "[m]otions to dismiss are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th

---

[7] It is also worth noting that AHMSI in no way contends that it is an agent for Argent Mortgage. Rather, AHMSI, on the first page attached to the Proof of Claim, asserts—without any documentation—that it is the agent for DB Trust, as trustee in trust for the Certificateholders. [Finding of Fact No. 5.]

[8] Reference to a "Bankruptcy Rule" refers to the Federal Rules of Bankruptcy Procedure. Any reference herein to "the Code" refers to the United States Bankruptcy Code. Further, reference to any section (i.e. §) refers to a section in 11 U.S.C., which is the United States Bankruptcy Code. Reference to a "Rule" refers to the Federal Rules of Civil Procedure. Rule 12(b)(6) is made applicable to the Adversary Proceeding pursuant to Bankruptcy Rule 7012.

Cir. 2005) (quoting *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000)).  Moreover, when considering a Rule 12(b)(6) motion to dismiss, this Court must "accept[] all well-pleaded facts [of the complaint] as true, viewing them in the light most favorable to the plaintiff." *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (quoting *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007)).

The Court must deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rankin v. Wichita Falls*, 762 F.2d 444, 446 (5th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  A Rule 12(b)(6) motion to dismiss is not a way to resolve factual or legal issues; it merely "tests the formal sufficiency of the statements of the claims for relief." *Jolly v. Klein*, 923 F. Supp. 931, 942 (S.D. Tex. 1996).  Thus, this Court may not look outside of the Debtor's pleadings when ruling on the Motion to Dismiss. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and footnote omitted).  "[T]he complaint must contain either direct allegations or permit properly drawn inferences to support" all facets necessary for proper relief. *Torch Liquidating Trust*, 561 F.3d at 384 (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)

1. **The Debtor's cause of action asserting lack of standing of AHMSI to file the Proof of Claim survives the Rule 12(b)(6) Motion to Dismiss.**

The Debtor correctly asserts that no documents have been attached to the Proof of Claim evidencing that the Note (as opposed to the Deed of Trust) was assigned, transferred, or delivered to AHMSI. [Finding of Fact Nos. 3 & 5.] If the Note was never assigned, transferred, or properly delivered to AHMSI, AHMSI is not the party holding the Note and, therefore, may not be a creditor; accordingly, AHMSI lacks standing to file the Proof of Claim. Fed. R. Bankr. P. 3001 ("A proof of claim shall be executed by the creditor or the creditor's authorized agent."). Moreover, the Proof of Claim contains no documentation evidencing that AHMSI is the authorized agent for Argent Mortgage (i.e., the lender shown in the Note and therefore the holder and owner of the Note given the absence of any documentation showing that the Note has been transferred or assigned). There is no question that the Proof of Claim has attached to it an assignment of the Deed of Trust from Argent Mortgage to AHMSI, but that is not enough to make AHMSI the holder and owner **of the Note**; a separate assignment of the Note must be attached.[9] *See In re Eads*, 2009 WL 3047888, at *15 (finding Bankruptcy Rule 3001 satisfied when the creditor was able to prove it was assigned both the note and the deed of trust); *In re Heritage Org., L.L.C.*354 B.R. at 427.

As discussed *supra*, in order to collect on a note in Texas, a creditor must be the legal owner and holder of the note. *Blankenship*, 899 S.W.2d at 238. Merely holding a Deed of Trust, an instrument securing payment of the Note, by itself, is insufficient to collect on the Note in Texas. *Id.* Accordingly, if AHMSI has not had the Note assigned, delivered, or transferred to it, then

---

[9] It is also worth noting that aside from the fact that there is no documentation showing that AHMSI is the holder of the Note, there is also no documentation showing that AHMSI is the servicing agent for DB Trust. [Findings of Fact No. 5.] AHMSI apparently does not believe it is important to comply with Bankruptcy Rule 3001(c) and Official Form 10, which expressly states that the claimant must "attach redacted copies of any documents that support the claim."

AHMSI lacks standing to file the Proof of Claim under Bankruptcy Rule 3001. Moreover, this same conclusion applies to DB Trust if its position is that it holds the Note and that AHMSI filed the Proof of Claim as its agent. Because there is no documentation attached to the Proof of Claim evidencing that either AHMSI or DB Trust holds the Note, neither of these entities has standing to file the Proof of Claim. Thus, this Court will not dismiss the Debtor's first cause of action; and this cause of action survives the Rule 12(b)(6) challenge because accepting all the pleaded facts as true, the Debtor does indeed state a claim upon which relief may be granted.

In the Motion to Dismiss, AHMSI and DB Trust assert that the Debtor lacks standing because he has failed to allege any injury traceable to AHMSI's filing of the Proof of Claim. Indeed, they emphasize that the Debtor concedes that he signed the Note and the Deed of Trust. [Adv. Docket No. 34, ¶ 10.] The weakness in this argument is, as the Debtor notes in the Response, that the threatened or actual injury is for the Debtor to make his mortgage payments to the wrong entity, and therefore ending up having to make twice the amount of payments for which he is obligated. [Adv. Docket No. 43, ¶¶ 12–13.]

2.     **The Debtor's cause of action asserting improper post-petition transfer of property of the estate or violation of the automatic stay is dismissed pursuant to Rule 12(b)(6).**

The Debtor alleges that assigning the Note post-petition is either void as a post-petition transfer pursuant to § 549 or a violation of the automatic stay pursuant to § 362(a)(4). This Court will grant the 12(b)(6) motion in relation to this cause of action because the Debtor does not assert a cause of action upon which relief may be granted. For a transfer to be void pursuant to § 549, the transfer must have been of property of the estate. 11 U.S.C. § 549. A creditor's interest in a note

is not property of the estate. *See In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 266 (5th Cir. 2006) (defining property of the estate as "all legal or equitable interests *of the debtor* in property as of the commencement of the case.") (quoting 11 U.S.C. § 541) (emphasis added). Moreover, AHMSI, by holding the Deed of Trust, is not creating, perfecting, or enforcing a lien in violation of §§ 362(a)(4) & (5) because the lien was already created and perfected pre-petition. [Finding of Fact No. 4.] Accordingly, because the Debtor has pleaded no facts that would entitle him to relief under § 549, or §§ 362(a)(4) & (5), this Court will dismiss the Debtor's second cause of action.

3. **The Debtor's cause of action requesting sanctions and attorney's fees for the filing of a false and fraudulent proof of claim survives the Rule 12(b)(6) Motion to Dismiss.**

The Debtor alleges that the Proof of Claim filed by AHMSI is false because, among other things, the Note was never properly endorsed or delivered to AHMSI. [Finding of Fact Nos. 3.] This Court will deny the Rule 12(b)(6) motion in relation to this cause of action because the Debtor has pleaded sufficient factual allegations that, if proved, would entitle him to relief. *Rankin*, 762 F.2d at 446. He has properly asserted that the Proof of Claim filed with this Court is in violation of Bankruptcy Rule 3001 because it lacks necessary documents indicating proper endorsement and delivery of the Note to AHMSI, or to DB Trust. And indeed, this Court has previously required claimants to accurately document ownership of a specific claim and set show cause hearings for failure to comply with Bankruptcy Rule 3001. *See, e.g., In re Depugh*, 409 B.R. 84, 97, 111 (Bankr. S.D. Tex. 2009) (setting a show cause hearing requiring an attorney to explain why he should not be sanctioned for violating Bankruptcy Rule 3001 and providing grossly deficient proofs of claim).

Therefore, this Court will not dismiss the Debtor's second cause of action, and it survives the Rule 12(b)(6) challenge.

    **4.      The Debtor's cause of action asserting fraud in the inducement is dismissed without prejudice pursuant to Rule 12(b)(6).**

Under Texas law, to prove that a party to a contract was fraudulently induced into an agreement, the party must show the following:

> (1) the other party made a material representation, (2) the representation was false and was either known to be false when made or made without knowledge of its truth, (3) the representation was intended to be and was relied upon by the injured party, and (4) the injury complained of was caused by the reliance.

*In re Int'l Profit Assocs.*, 274 S.W.3d 672, 678 (Tex. 2009) (citing *Am. Tobacco Co. v. Grinnel*, 951 S.W.2d 420, 436 (Tex. 1997)).[10] Rule 9(b), however, heightens the pleading requirements for claims grounded in fraud and mandates that the claimant set forth the "who, what, when, where, and how" of the alleged fraud.[11] *See Dorsey v. Portfolio Equities*, 540 F.3d 333, 338–39 (5th Cir. 2008); *Airport Blvd. Apts., Ltd. v. NE 40 Partners, L.P., (In re NE 40 Partners, Ltd.)*, 411 B.R. 352, 359 (Bankr. S.D. Tex. 2009).

The Debtor's fraud in the inducement cause of action fails to meet the heightened pleading requirements of Rule 9(b) and must therefore be dismissed. The Complaint alleges that the Debtor and his wife were fraudulently induced into entering the ARM because their mortgage broker told

---

[10] The Note itself does not expressly state which law governs. However, there can be little dispute that Texas law controls. The Debtor resides in Texas, [Docket No. 1.], and the property securing the note is located in Texas. [Finding of Fact No. 3.] *See GXG, Inc. v. Texacal Oil & Gas*, 977 S.W. 403, 408(Tex. App.—Corpus Christi 1998, pet. denied) (citing Restatement (Second) of Conflicts of Laws § 188(2) (1971)).

[11] Rule 9 applies to the Adversary Proceeding pursuant to Bankruptcy Rule 7009.

them that they did not qualify for a fixed-rate loan because they needed—and did not have—a perfect credit rating. [Finding of Fact No. 6.] The Complaint fails to allege, however, the following vital facts: (1) the identity of the mortgage broker; (2) when the Debtor and his wife were fraudulently induced into entering the ARM; (3) where the Debtor was fraudulently induced into entering the the ARM; and (4) how the Debtor and his wife were pressured into signing the ARM.[12] Accordingly, the Debtor's fraudulent inducement cause of action does not meet the heightened pleading requirements of Rule 9(b). Thus, the Court will grant the Motion to Dismiss without prejudice in relation to the Debtor's fraud in the inducement cause of action.

The Court will grant the Debtor twenty days to file an amended complaint. The Court will refrain from making its report and recommendation on the Motion to Withdraw Reference until this twenty day period expires and the Debtor decides whether or not to file an amended complaint asserting a fraud in the inducement cause of action under state law. If the Debtor does not amend, then this Court will make its report and recommendation on the Motion to Withdraw Reference based upon the two causes of action that survive this Motion to Dismiss: the lack of standing to file the Proof of Claim and the violation of Bankruptcy Rule 3001. If the Debtor does amend, then the Court will make its report and recommendation based upon the two surviving causes of action and the amended fraud cause of action.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is granted with respect to the Debtor's second and fourth causes of action and denied with respect to the Debtor's first and third causes of

---

[12]   For example, were the Debtor and his wife repeatedly cajoled over the telephone by the mortgage broker, sent numerous e-mails by the mortgage broker, or pressured into entering the mortgage in person?

action.   An order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry of this Opinion.

Signed this 7th day of December, 2009.

Jeff Bohm
United States Bankruptcy Judge